**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 17 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA CONCEPCION JIMENEZ GUERRERO, | No. 20-73152 |
| Petitioner, | Agency No. A200-155-465 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Maria Concepcion Jimenez Guerrero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her applications for voluntary departure, asylum, withholding of removal, and relief

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

In her opening brief, Jimenez Guerrero does not raise, and therefore waives, any challenge to the BIA's conclusion that she waived challenge to the IJ's denial of her voluntary departure and her asylum claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

Substantial evidence supports the determination that Jimenez Guerrero failed to establish she suffered harm that rises to the level of persecution. *See Li v. Ashcroft*, 356 F.3d 1153, 1158 (9th Cir. 2004) (en banc) ("Our caselaw characterizes persecution as an extreme concept, marked by the infliction of suffering or harm . . . in a way regarded as offensive." (internal quotation marks omitted)). Substantial evidence also supports the determination that Jimenez Guerrero failed to establish that it would be unreasonable for her to relocate within Mexico to avoid future persecution. *See* 8 C.F.R. § 1208.16(b)(2)-(3); *see also Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (finding petitioner failed to meet her burden of establishing it would be unreasonable for her to relocate). Thus, Jimenez Guerrero's withholding of removal claim fails.

20-73152

Substantial evidence supports the denial of CAT relief because Jimenez Guerrero failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Jimenez Guerrero's assertion in her opening brief that the BIA's decision resulted in constitutional error and a violation of due process is not supported by argument and is thus abandoned. *See Martinez-Serrano*, 94 F.3d at 1259 ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**